FRANK M. HUNTING, Plaintiff, *v.* FERDINAND S. M. BLUN, Defendant.

*Stockholder's liability under section* 18 *of chapter* 40 *of* 1848 — *action against the corporation excused by a judgment of sequestration, enjoining it — the judgment of sequestration is not open to collateral attack.*

The existence of a judgment of sequestration against a domestic corporation, enjoining creditors of the corporation from bringing actions against it, rendered in an action brought for that purpose under section 1784 of the Code of Civil Procedure, and granted by a court having jurisdiction of the action and of the parties, during the year given to a creditor by the Manufacturing Corporations Act of 1848 in which to bring an action against the corporation as a condition precedent to maintaining an action to enforce the personal liability of a stockholder for debts of the corporation under section 18 of that act, excuses a creditor from compliance with such condition precedent.

When, in such an action to enforce a stockholder's liability, the existence of such a judgment of sequestration is relied upon by the plaintiff as an excuse for his failure to bring a prior action against the corporation, such judgment is not open to collateral attack and rejection on the ground that the precedent judgment against the corporation, relied on in the action of sequestration as evidence of the right to maintain that action, was a void judgment.

MOTION by the defendant, Ferdinand S. M. Blun, for a new trial on a case and exceptions ordered to be heard at the General Term in the first instance, after a verdict rendered for the plaintiff by direction of the court, at the Cayuga Circuit, on the 11th day of October, 1892.

*B. T. Wright,* for the motion.

*E. C. Aikin,* opposed.

DWIGHT, P. J. :

The plaintiff is the assignee of a number of claims for the wages of employees of the Rheubottom & Teall Manufacturing Company, and brings this action to enforce the statutory personal liability of the defendant as a stockholder of that company. (Laws of 1848, chap. 40, § 18.) But it was a condition precedent to the maintenance of such an action that an action for the same debt should have been commenced against the company itself, within one year from the time the debt was contracted, and that an execution against the company should have been returned unsatisfied in whole or in part. The due commencement of such an action against the company, the recovery of judgment therein and the return of an execution thereon wholly unsatisfied, was alleged in the complaint, and an attempt was made to prove it by the offer in evidence of a judgment in favor of the plaintiff against the Rheubottom & Teall Manufacturing Company recovered in the City Court of Auburn and docketed in Cayuga county clerk's office February 20, 1891; also an execution issued thereon and the return of the same unsatisfied. It was conceded that the location and residence of the company was the village of Weedsport and not the city of Auburn. The evidence was objected to on the ground that the City Court of Auburn had no jurisdiction of the action ; the objection was sustained and the evidence was excluded on the ground that the judgment was void.

The plaintiff then, having recourse to another allegation of his complaint, offered in evidence the judgment roll in an action in the Supreme Court for the sequestration of the property of the company, the appointment of a receiver thereof, etc., in which action a judgment to that effect was entered April 10, 1891, by the provis-

ions of which an injunction which had been theretofore granted enjoining the creditors of the company from bringing any actions against it, was made perpetual. The object of this proof was to excuse compliance on the part of the plaintiff with the condition of the statute above stated, in respect to the commencement of an action, recovery of judgment, etc., on the principle that such condition having become impossible it was no longer in force. (*Hardman* v. *Sage*, 124 N. Y. 25, 32, and the cases cited therein.)

But upon inspection of the judgment roll so offered in evidence it was disclosed that the judgment alleged in the complaint as a foundation for the action of sequestration, was — like the one previously offered in evidence in this action and held to be void — a judgment of the City Court of Auburn, and thereupon the defendant objected to the reception of the judgment roll in the sequestration action in evidence, on the ground that the court was without jurisdiction to entertain that action for the want of a valid judgment upon which to found it. This objection was overruled ; the action and judgment of sequestration and the order therein were held a sufficient excuse for not prosecuting an action against the company for the debt sought to be recovered in this action, and — the amount of that debt being admitted — a verdict therefor in favor of the plaintiff was directed by the court, and the defendant's exceptions were ordered to be heard in the first instance at General Term.

The only exception which requires to be considered is that to the ruling of the court last mentioned, viz., to the admission in evidence of the judgment roll in the sequestration action. We think that exception was not well taken. The objection did not go to the jurisdiction of the court in that action, but to the sufficiency and effect of evidence which must have been given on the trial or application for judgment therein. The Supreme Court had unquestioned jurisdiction of the action, viz., for the sequestration of the property of a domestic corporation ; and, equally, jurisdiction of the person of the defendant, by personal service of process on its president. There was no question of jurisdiction of the court to entertain and determine the action, and the question whether the plaintiff was entitled to maintain the action under the Statute (Code Civ. Pro. § 1784) was not a question of jurisdiction but of proof ; and if in determining that question the court erred in the admission of evidence or based

its judgment upon illegal evidence the only remedy of any person aggrieved by the judgment is by appeal or by direct proceeding in the action in which it was rendered. (*Moeschler* v. *Lochte*, 12 N. Y. St. Repr. 855.) Certainly a party restrained by an order made *interlocutor* in that action, and made permanent by the judgment, will not be justified in disregarding the order on the ground of such error, so long as the judgment stands neither vacated nor reversed.

The judgment of sequestration was rendered during the year which the statute gave to the plaintiff in which to bring his action against the company, and the order and judgment therein were a sufficient reason for his not complying with the condition precedent for the maintenance of this action.

We find none of the authorities so industriously collected by counsel for the appellant quite in point to support his contention in this case, but are of opinion that the motion for a new trial must be denied, and judgment directed for the plaintiff on the verdict.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

Defendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.

